UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____
IN RE:                                                        )
                                                                    )
BOSTON CEI, LLC                                    )          Chapter 11
                                                                    )          Case No. 10-16502-JNF
      Debtor                                              )
_____)

**AFFIDAVIT OF PETER BANKS**
**IN SUPPORT OF FIRST DAY PLEADINGS**

    Peter Banks, being duly sworn, deposes and states:

1. On the date hereof (the "Petition Date"), the above-captioned debtor (the "Debtor") commenced a case under title 11 of the United States Code (the "Bankruptcy Code") in this Court. I am a Manager of the Debtor and owner of a 50% membership interest in the Debtor LLC. In that capacity, I am familiar with the operations, business affairs, financial records and other books and records of the Debtor.

2. In order to enable the Debtor to operate effectively and minimize the potential adverse effects of its chapter 11 case, the Debtor has requested various types of relief in "first days" motions and applications filed with the Court concurrently herewith. I submit this affidavit in support of these first day motions and applications. Except as otherwise indicated, all facts set forth in this affidavit are based on my personal knowledge, my review of relevant documents or my opinion based on my experience, knowledge and information concerning the operations and financial affairs of the Debtor. If I were called upon to testify, I would testify competently to the facts set forth in this affidavit. I am authorized to submit this affidavit.

1

## BACKGROUND

### Business operations

3. The Debtor is engaged in the business of managing and operating a demolition, saw-cutting, selective concrete flatwork/formwork and excavation, with a principle place of business in Norfolk, Massachusetts.

4. Debtor currently employs approximately 45 employees and has monthly gross income of approximately $560,000.00, depending on the time of year.

### Ownership of Debtor

5. The Debtor is a Massachusetts Limited Liability Company with two (2) Members each owning 50%. The other member is Brian Caffrey.

### Indebtedness

6. The Debtor owes approximately $936,000.00 in unsecured debt and $2,278,000 in secured debt. The Debtor is also an obligor to TD Bank on a Note for a parcel of real estate owned by an affiliate IAG, LLC ("IAG"). This Note is approximately $1.56 Million. The Debtor operates its business and occupies the building on the IAG land

## FACTS IN SUPPORT OF FIRST DAY PLEADINGS

7. Concurrently with the filing of its chapter 11 petition, the Debtor has filed a number of application, motions, and proposed orders (the "First Day Pleadings") that it believes are essential to enable it to operate in chapter 11 with a minimum of disruption and loss of productivity. The Debtor requests that each of the First Day Pleadings described below be entered as each of them constitutes a critical element in achieving the successful reorganization of the Debtor for the benefit of all parties in interest.

<u>Application for Authority to Employ McAuliffe & Associates, P.C.</u>

8. The Debtor has selected McAuliffe & Associates, P.C., as its attorneys because of the firm's extensive experience and knowledge in the field of debtor's rights and business reorganizations under the Bankruptcy Code.  McAuliffe & Associates, P.C., has become familiar with the Debtor's business and affairs during the course of the pre-petition negotiations and has the necessary background to deal effectively with many of the potential legal problems and issues which arise in this context of this Chapter 11 case.  I believe that McAuliffe & Associates, P.C., is well qualified and uniquely able to represent the Debtor in its chapter 11 case.

Motion for Authority to Pay Prepetition
<u>Wages, Salaries and Expenses</u>

9. In the ordinary course of its business, the Debtor pays it employees in every week in arrears on Monday.  The weekly pay employees were paid most recently on Monday, June 14, 2010.  The Debtor is due to pay those employees on Monday June 22, 2010 for work performed through June 12, 2010.

10. The Debtor seeks authority to pay wages and salaries accrued by the Debtor's employees prior to the Petition Date.

11. As a result of the commencement of the Debtor's chapter 11 case, and in the absence of an order of the Court providing otherwise, the checks, wire transfers, and direct deposit transfers in respect of the above matters will be dishonored or rejected.

12. Because the majority of the employee-related compensation obligations constitute priority claims that must be paid in full in any event under the Plan, payment of such obligations at this time is appropriate, and this Court is authorized to grant the relief

requested. Unless otherwise noted in the Motion, the Debtor believes that no employee is owed greater than $10,950.00 per individual, payable in the ordinary course of business, in respect of the compensation obligations earned within ninety days prior to the Petition Date.

13. Granting the Motion would have no substantial effect on the relative distribution of the estate assets and, in fact, is the best way to assure that the Debtor will emerge from chapter 11 with its human resources intact.

## Insurance Motion

14. Prior to the Petition Date, the Debtor obtained workers' compensation and various liability and property insurance policies (the "Insurance Policies") in respect of, <u>inter alia</u>, property, health, general liability, contractor's equipment, crime, employee practices liability, as listed in Exhibit A to the Insurance Motion.

15. The Debtor seeks authorization to continue its participation in the Insurance Policies on an uninterrupted basis, consistent with its practices in effect prior to the Petition Date, including, <u>inter alia</u>, permitting (i) the continued payment and processing of all claims that may be asserted under the Insurance Policies, including the continued processing and payment of all pre-petition and contested claims, and (ii) the payment of all premiums, administrative expenses and other charges, including any pre-petition amounts related thereto according to a schedule proposed by the Debtor.

16. The continuation of insurance coverage is essential to the continued operation of the Debtor's business and the maintenance of morale of the Debtor's employees, and the avoidance of exposure to unnecessary and unwarranted risks. Accordingly, it is in the best interests of the Debtor, its creditors, and all other parties in interest that insurance coverage be continued.

4

## Motion for Interim Use of Cash Collateral

17. In or around, July 2, 2008, TD made a Loan to the Debtor in the original principal amount of $4,142,000.00.   This loan was evidenced by a "Revolving Line Note" of $1,000,000.00, "Term Note A" of $418,000.00, "Term Note B" $1,109,000.00 and a "Real Estate Mortgage Note of "$1,615,000.00".

18. Debtor asserts that a replacement lien is warranted under the circumstances of this case.

19. Furthermore, Debtor seeks to pay TD the sum of 60% of net weekly income, up to $7,250.00 as adequate protection of the funds loaned to Debtor.

20. Debtor requires the continuing use of cash collateral and proceeds from the sale of the inventory in the ordinary course of its business.

21. Debtor believes that approval of this Motion by the Court will minimize disruption of the Debtor's business, will increase the possibilities for a successful reorganization and is in the best interests of the Debtor, creditors and Debtor's estate.

## Utilities Motion

22. The Debtor seeks an order determining that its utilities have adequate assurance of payment.  Because of the cost of providing cash deposits to its utilities, the Debtor requests that the Court consider Debtor's Utilities Motion on an expedited basis.
23. The Debtor has budgeted for utility payments every third week of approximately $2700 consistent with the ordinary course pre-petition schedule of payments.
24. The Debtor believes this constitutes adequate assurance of payment.

5

## CONCLUSION

I respectfully request that all the First Day Orders be granted.

Signed under the pains and penalties of perjury; this affidavit being attested and sworn to based upon my personal knowledge and belief and upon true facts known to me at the time of the filing of the Chapter 11 petition

/s/ Peter Banks  
Peter Banks  
Manager

Dated:   June 15, 2010